UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CARL WM ALEXANDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:16-cv-0043-WTL-MJD |
| | ) |
| LT. WALKER, SGT. THOMPSON, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

Plaintiff Carl Alexander's motion to proceed *in forma pauperis* [dkt. 2] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening**

Mr. Alexander, currently an inmate at the Miami Correctional Facility, filed this civil action for events that occurred when he was an inmate at the Putnamville Correctional Facility. Mr. Alexander alleges that Lt. Walker discovered that he (Alexander) had potential contraband in his mouth and asked Mr. Alexander where he obtained the contraband. Mr. Alexander refused to answer. As a result, Lt. Walker instructed Sgt. Thompson and an unknown officer to shake-down Mr. Alexander's range and to announce to all the inmates on that range the shake-down occurred because Mr. Alexander possessed the potential contraband. Soon after, Mr. Alexander was

physically assaulted by two inmates and labeled a snitch. Mr. Alexander alleges he was assaulted because of the announcement that he caused the shake-down.

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Pro se complaints such as that filed by Mr. Alexander are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the Court may not rewrite a complaint to include claims that were not presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

Mr. Alexander's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for

vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). Here, Mr. Alexander's alleges a violation of his rights under the Eighth Amendment. He seeks monetary relief.

### III. Claims that may proceed

Mr. Alexander's claim under the Eighth Amendment against Lt. Walker and Sgt. Thompson **may proceed** as alleged.

### IV. Further Proceedings

These are the claims construed by the Court. If Mr. Alexander believes he raised any claims not addressed in this entry, he shall notify the Court **no later than March 9, 2016**.

The clerk is designated pursuant to *Fed. R. Civ. P*. 4(c) to issue process to the defendants Lt. Walker and Sgt. Thompson in the manner specified by Rule 4(d). Process shall consist of the complaint [dkt. 1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and **this Entry**.

**IT IS SO ORDERED**.

Date: 2/9/16

Distribution:
Carl Wm. Alexander
#975222
Miami Correctional Facility, BH/
IN 3038 West 850 South
Bunker Hill, IN 46914

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Lt. Walker
Putnamville Correctional Facility
1946 West U.S. Hwy. 40
Greencastle, IN 46135

Sgt. Thompson
Putnamville Correctional Facility
1946 West U.S. Hwy. 40
Greencastle, IN 46135